This is an application to me for a writ of habeas corpus, founded upon the allegation that the petitioner, having been liable to perform military service, had heretofore put a substitute in the Army of the Confederate States to serve in his stead for three years or the war. He contends that the late act of Congress, under the authority of which he has been again enrolled and taken into custody, is unconstitutional and void.
A grave question is at once presented, whether I am not prohibited from issuing the writ. An act was passed at the late session of Congress entitled "An act to suspend the privilege of the writ of habeas corpus in certain cases." This act was passed under the authority of a power conferred upon Congress for the purpose, and its constitutionality cannot be doubted. It is binding upon all the judges, both of the Confederate and the State courts, and they are not at liberty to issue the writ, or, if issued, to proceed under it, in any of the cases specified in the act. *Page 346 
(535) These cases are clearly defined and classified in the first section, and among them is a class marked with the number 5. The question before me arises upon the specification in that class, "of attempts to avoid military service." Are not persons who are claimed as conscripts, or as otherwise liable to military service, and who apply for a writ ofhabeas corpus for the purpose of thereby getting exempted from it, making attempts to avoid it? To my mind it seems clear that they are. They are certainly within the letter of the clause, and why are they not within its spirit? To this it is said that the act was intended to apply only to those who, being liable to perform military duty, were unlawfully attempting to evade it, and not to those who seek the benefit of the writ for the sole purpose of establishing their claim to exemption from such duty. That cannot be so. Such a restricted construction of the act would tend strongly to defeat the great purposes it was intended to accomplish. It could not, in the terms of the Constitution, be passed at all unless the country were invaded or in rebellion. The salvation of the country is the object sought, and the framers of the Constitution who authorized the act of suspension, and the legislators who passed it, deemed that object so transcendently great that, for the time, all individual rights which conflicted with it ought to give way to it. The spirit, then, as well as the letter of the clause, must embrace all persons, without any exception, who are making "attempts to avoid military service." But if the words upon which we are commenting admitted of any doubt, it is entirely removed by the proviso which immediately follows them. In that proviso a clear, definite, and precise remedy is given to any party who does not legally "owe military service." If any such person be wronged by a subordinate officer, his superior shall give prompt redress to the injured party and at the same time punish the wrongdoer by dismissing him from office. Why is this prompt redress thus expressly provided for a party not liable to military service, unless it was (536) because the great remedial writ of habeas corpus is taken away from him?
I am aware that in the case of Walton, ante, 350, and others lately decided by Chief Justice Pearson at Salisbury, he held that the act suspending the writ of habeas corpus did not apply to them; but why he so held, I regret that I am not informed. The question is now presented to me, and I cannot avoid deciding it. If, in my opinion, I have no authority to issue the writ, I cannot stand justified before the country should I do it.
In deliberating upon the subject, another question occurred to me, which is, whether I ought to issue the writ and await the return of the officer before deciding upon the effect of the act, or to decide that question now. Section 3 of the act may at first view seem to favor the former *Page 347 
course. That section provides for the stay of the proceeding under the writ, when the officer, who has a party in custody, shall certify on oath that he detains him for any of the causes specified in the act. The true construction is, I think, that when the petition itself shows the cause of the detention, and it is one of those mentioned in the act, the judge cannot issue the writ at all; but if such cause be not stated in the petition, then the writ must be issued, and the proceedings under it can only be suspended upon its being made to appear by the affidavit of the officer that the true cause of the detention is one of those embraced in the act.
I have thus endeavored briefly and plainly to set forth the reasons why I feel bound to decline issuing the writ of habeas corpus applied for in this case.
Chapel Hill, 29 February, 1864.
NOTE. — Vide In re Rafter, next case; contra, In re Cain, ante, 525; In re Russell, ante, 388.
Cited: In re Roseman, ante, 368; In re Spivey, post, 542.